IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-HC-2101-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PAUL NYHAN, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the motions (D.E. 76, 85)[1] by respondent, who is civilly committed as a sexually dangerous person under 18 U.S.C. § 4248 ("§ 4248") (*see* D.E. 41), for an order directing the Federal Bureau of Prisons to provide him treatment. The government filed a response (D.E. 80) to the motion. On 29 February 2016, the court ordered the parties to file supplemental briefing. (*See* D.E. 88). The parties have complied with this order. (*See* D.E. 90, 91, 92). Based on the supplemented record, respondent's motions will be denied without prejudice.

Respondent was committed to the custody of the United States Attorney General as a sexually dangerous person pursuant to 18 U.S.C. § 4248 on 9 November 2012. (*See* D.E. 41). Shortly thereafter, he consented to participation in the Commitment and Treatment Program for Sexually Dangerous Persons ("CTP") at the Federal Correctional Institution in Butner, North Carolina. (Aff. of Andres Hernandez, Psy.D. (D.E. 90-2) ("Hernandez Aff.") ¶ 4). Since his

---

[1] Prior to the filing of the instant motions, respondent had filed a motion for treatment pro se (D.E. 64) that the court denied without prejudice on 6 October 2015 on the grounds that respondent was represented by counsel when respondent filed the motion. (*See* 6 Oct. 2015 Minute Entry (D.E. 74)). On 22 October 2015, counsel renewed the motion (D.E. 76), adopting without modification the previously filed pro se motion. Respondent subsequently filed an additional pro se motion requesting medical treatment (D.E. 85). This motion could likewise be denied without prejudice on the grounds that it was filed pro se while respondent was represented by counsel. However, because this most recent pro se motion is substantially similar to the renewed motion by counsel, the court will consider it on the merits.

initial admission into the CTP, respondent has been removed from that program on four occasions, primarily due to his failure to conform to its rules and guidelines. (*Id.*). Respondent argues that his removal from the CTP "is deliberate indifference to the requirements of treatment under 18 U.S.C. § 4248 and the Eighth Amendment." (Resp.'s Mem. (D.E. 91) 12). Accordingly, respondent requests that "the Court . . . order the Government to provide psychiatric and psychological treatment to [him] and allow him to pursue his 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) claim." (*Id.* at 13).

To the extent respondent seeks to pursue a claim pursuant to 42 U.S.C. § 1983 or *Bivens*, any such claim must be filed in a separate action. *Cf. King v. Holder*, No. 5:14-CT-3255-FL, 2016 WL 347664, at *3 (E.D.N.C. 28 Jan. 2016) (holding that "[a] civil detainee's challenge to conditions of confinement arises under the Fifth Amendment's Due Process Clause" and analyzing the claim as a separate complaint under *Bivens*); *Heyer v. U.S. Bureau of Prisons*, No. 5:11-CT-3118-D, 2015 WL 1470877, at *2 (E.D.N.C. 31 Mar. 2015) (analyzing a claim that a deaf § 4248 committee was denied meaningful access to mental health treatment as a separate complaint under *Bivens*). Such a claim must be filed as a separate action because, *inter alia*, it is subject to certain portions of the Prison Litigation Reform Act. *Johnson v. Holder*, No. 5:13-CT-3232-BO, 2015 WL 1000339, at *1 (E.D.N.C. 6 Mar. 2015) ("[A] complaint filed by a civil detainee may be dismissed for failure to state a claim under the in forma pauperis statute.").

To the extent respondent proceeds under § 4248(d), his claims are moot. A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013). A court is deprived of jurisdiction over a case when the case becomes moot. *Id.*

2

Here, even during the times respondent was suspended from the CTP, he was still "seen individually by his assigned psychologist, Dr. Trisha Smithson, for at least sixteen separate clinical contacts." (Hernandez Aff. ¶ 6). Moreover, prior to the filing of the instant motions, respondent refused to accept the terms required for readmission to the CTP. (*Id.* ¶ 5). Respondent has since "indicated a willingness to accept the conditions of readmission [to the CTP] by signing the Plan of Re-admission to Treatment document, which he had previously refused to sign." (*Id.* ¶ 7). As a result, respondent has been "gradually readmitted to the ... [CTP], is attending group and milieu therapy activities, and [is] continuing to meet with his assigned psychologist." (*Id.* ¶ 8). Under similar circumstances, this court has dismissed a § 4248 committee's request for treatment as moot. 10 Mar. 2015 Order (D.E. 94), *United States v. Wood*, No. 5:12-HC-2008-BR (E.D.N.C.) (holding that re-admission to the CTP and resumption of treatment mooted respondent's claim). The court concludes that respondent's re-admission to the CTP moots his claims.

In reaching this conclusion, the court has considered whether respondent's claims are "capable of repetition yet evading review," thereby exempting them from the doctrine of mootness. *See Williams*, 716 F.3d at 809-10. The exception applies "when (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* "[T]his is a narrow exception, which is limited to the exceptional situation." *Id.* at 810 (internal quotation marks omitted). In addition, the party seeking to invoke this exception bears the burden of showing its application. *Id.*

Respondent has not satisfied, at a minimum, the second requirement of the exception, that there is a reasonable expectation that he will not receive treatment again in the future. The court

declines to speculate that respondent will again engage in conduct violative of CTP rules and guidelines resulting in his exclusion from the program. *See Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007). Notably, the court in *Wood* also found that the "capable of repetition yet evading review" exception was inapplicable in that case. *See* Tr. of 10 Mar. 2015 Hrg. (D.E. 95) 3:23 to 9:2, *Wood*.

IT IS THEREFORE ORDERED as follows:

1. To the extent respondent seeks to pursue a claim pursuant to 42 U.S.C. § 1983 or *Bivens*, his motions (D.E. 76, 85) are DENIED WITHOUT PREJUDICE. Should respondent desire to further pursue these claims, he is directed to file them in a separate action.

2. To the extent respondent is proceeding under § 4248(d), his motions (D.E. 76, 85) are DENIED AS MOOT WITHOUT PREJUDICE.

SO ORDERED, this 19th day of May 2016.

James E. Gates
United States Magistrate Judge